# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
## _____ DIVISION

Khelby Calmese #186187 )
)
)
*(Write the full name of the plaintiff in this action.* )
*Include prisoner registration number.)* )
)
v. mo. Dept. of correction, centurion medical )
provider, T. Taylor RN, BSN, T. Pryor mD. )
Regional Director (medical), pasha Allen, )
RN, HSA, CCHP, SGT lindsey (mecc), Lietenant )
cassidy, F.U.m. chad Ream, ccm D. Winchell )
Jason Lewis Deputy Director (Division) )
Larry Allen, Clay Stanton )
*(Write the full name of each defendant. The caption* )
*must include the names of all of the parties.* )
*Fed. R. Civ. P. 10(a). Merely listing one party and* )
*writing "et al." is insufficient. Attach additional* )
*sheets if necessary.)* )

Case No: _____
*(to be assigned by Clerk of District Court)*

Plaintiff Requests Trial by Jury
☐ Yes   ☐ No

## PRISONER CIVIL RIGHTS COMPLAINT UNDER 42 U.S.C. § 1983

### NOTICE:

*Federal Rule of Civil Procedure 5.2 addresses the privacy and security concerns resulting from public access to electronic court files. Under this rule, papers filed with the court should not contain: an individual's full social security number or full birth date, the full name of a person known to be a minor, or a complete financial account number. A filing may include only: the last four digits of a social security number, the year of an individual's birth, a minor's initials, and the last four digits of a financial account number.*

*Except as noted in this form, plaintiff should not send exhibits, affidavits, witness statements, or any other materials to the Clerk's Office with this complaint.*

*In order for your complaint to be filed, it must be accompanied by the filing fee or an application to proceed without prepayment of fees and costs.*

## I.    The Parties to this Complaint

### A.    The Plaintiff

Name: *Khelby Calmese*

Other names you have used: _____

Prisoner Registration Number: *186187*

Current Institution: *Easter Reception Diagnostic correctional center*

Indicate your prisoner status:

| ☐ Pretrial detainee | ☒ Convicted and sentenced state prisoner |
| ☐ Civilly committed detainee | ☐ Convicted and sentenced federal prisoner |
| ☐ Immigration detainee | ☐ Other (explain): _____ |

### B.    The Defendant(s)

To the best of your knowledge, give the information below for each defendant named in the caption of this complaint. Make sure the defendant(s) named below are the same as those listed in the caption of this complaint. Attach additional pages if necessary.

For an individual defendant, include the person's job title, and check whether you are suing the individual in his or her individual capacity, official capacity, or both.

### Defendant 1

Name: *Centurion medical services*

Job or Title: *medical service provider*

Badge/Shield Number: _____

Employer: _____

Address: *1400 Edge wood Drive Suite 200, Jefferson city mo. 65109*

_____ Individual Capacity           ☒ Official Capacity

**Defendant 2**

Name: _Missouri Department of corrections_

Job or Title: _____

Badge/Shield Number: _____

Employer: _____

Address: _P.O. Box 236   Jefferson city mo. 65109_

☐ Individual Capacity          ☒ Official Capacity

_• Please see additional Defendent list._

## II.  Statement of Claim

Type, or neatly print, a short and plain statement of the **FACTS** that support your claim(s).  For
every defendant you have named in this complaint, you must state what he or she personally did
to harm you.  If more than one claim is asserted, number each claim and write a short and plain
statement of each claim in a separate paragraph.  Do not make legal arguments, or cite court
cases or statutes. You may attach additional pages if necessary.

Your statement of claim must include all of the following information:

1.    What happened to you?
2.    When did it happen?
3.    Where did it happen?
4.    What injuries did you suffer?
5.    What did each defendant personally do, or fail to do, to harm you?

3

Additional Defendants:

Defendant 3
T. Taylor RN, BSN
Northeast correctional center

Defendant 4
T. Pryor MD., Acting Regional medical Director
Northeast correctional center

Defendant 5
Pasha Allen, RN, HSA, CCHP
northeast correctional center

Defendant 6
SGT. Lindsay
north east Correctional center

Defendant 7
LT. cassidy
northeast correctional center

Defendant 8
Functional Unit manager Chad Ream
northeast Correctional Center

Defendant 9
CCM D. Winchell
northeast correctional center

Claim 1: mo. Dept. of corrections, et al

On June 11, 2024 plaintiff was placed in Segregation pending investigation. June 13, 2024 plaintiff was issued a conduct violation for possession of a controlled and/or intoxicating substance. He Then requested an attorney. The Violation states while plaintiffs property was stored in The institutions property room, a search utilizing a narcotics detection dog was conducted, plaintiffs Tote was alerted by the K9, specifically a yellow folder. Allegedly Each piece of paper was tested, and all but one tested negative for the presence of K2 (Synthetic cannabis). Plaintiff requested a second test per policy D5-7.1 (offender drug testing) and a truth verification examination examination per Dept. policy D1-8.3. Institutional policy/and departmental policy permits additional testing and poly graph examinations To confirm alleged offender misconduct. This is an error which could have been verified Through due process.


Defendants to Claim (1):

LT. Cassidy - Denied plaintiffs right to counsel at hearing Violated plaintiff's right to due process. (IS 19-1.6)

SGT Lindsay - Denied plaintiffs right to counsel at hearing Violating plaintiff's right to due process. (IS 19-1.6)

CCM D. Winchell - Denied plaintiff's right to due process by not investigating plaintiffs allegation of no wrongdoing and refused his request for polygraph per Departmental policy D1-8.3

Functional Unit manager Chad Ream- Denied plaintiff's right to due process by not investigating plaintiff's assertion of no wrongdoing and refused his request for a polygraph test per policy D1-8.3.

Claim (2). Centurion medical services - medical provider for Mo. Dept of corrections. On April 15, 2024 Through The offender Grievance process plaintiff proved He was entitled To additional care after Knee replacement surgery. The Grievance response agreed mr. calmese developed adhesions which needed care and recieved only one c appointment for physical Therapy. as of April 21, 2025 plaintiffs adhesions have not been removed as prescribed by an orthopedic physician nor was was additional physical Therapy Granted. The deliberate indifference by centurion has led To additional complications; Such as pain and emotional distress. plaintiff has utilized the sick call process of The institution to no avail. This indifference violates institutional policy (FS11-59) regarding medical needs and preventing further harm. 8th Amendment violation

Defendants to claim (2):
T. Taylor RN, BSN - Did not make The proper arrangements for Reasonable medical care for Knee replacement surgery. 8th Amendment Violation
T. Pryor MD., Acting regional medical director - Did not provide adequate aftercare for Knee replacement surgery. 8th Amendment Violation

Pascha Allen, RN, HSA, CCHP - Refused plaintiff proper
medical care after Knee Replacement surgery.

All of the defendants action Violates 'my' Plaintiff's
Constitutional Rights, 5th, 6th, 8th, And 14th
Amendment.
Rights of Conduct violation
1. You have the Rights to written notice of alleged violation
Prior to a hearing.
2. You have the Right to a hearing.
None these Rights happen, I never been given a Conduct
Violation for 11.10, or even Read a Violation for a
11.10.
the Retaliation is because I file the Grievance
against Centurion medical Provider At Northeast Corr. Ctr.
Pascha Allen, Wife of Deputy Warden Larry Allen,
And the Warden Clay Stanton Significant others
Kali Smith Works the As A Nurse too!
See, United States V. Clarke, 110 F.3d 612, 613-14 (8th Cir. 1997)

A violation of Rights As set out in Anderson V. Creighton
483 U.S. 635, 640 (1987) et Al.

### III.    Injuries

If you sustained injuries related to the events alleged above, describe your injuries and state what medical treatment, if any, you required and did or did not receive.

(1) Plaintiff sustained further damage to his Knee. (2) pain and Suffering. (3) Deminished quality of life and mobility. (3) mentel anguish and depression which required visits To mental Health Staff. (4) Offenders file was Tainted which led to harm during parole and and/or clemency considerations.

4

## IV.    Relief

State briefly and precisely what you want the Court to do for you.  Do not make legal arguments.
Do not cite any cases or statutes.  If you are requesting money damages, include the amounts of
any actual damages and/or punitive damages you are claiming.  Explain why you believe you are
entitled to recover those damages. Hombly ask The court To have The
Doc. Expunge The Violation 11.10 from my inmate record. As well
as $850,000.00 for Punitive damages relating To medical negligence
and deliberaTe indifference. And Refunded for my Stamps And property
the Staff At Northeast Corr. Cte. took.

## V.    Exhaustion of Administrative Remedies/Administrative Procedures

The Prison Litigation Reform Act ("PLRA") 42 U.S.C. § 1997e(a), requires that "[n]o action
shall be brought with respect to prison conditions under section 1983 of this title, or any other
Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such
administrative remedies as are available are exhausted."

Administrative remedies are also known as grievance procedures.  Your case may be dismissed
if you have not exhausted your administrative remedies.

A.    Did your claim(s) arise while you were confined in a jail, prison, or other
correctional facility?

☒ Yes        ☐ No

If yes, name the jail, prison or other correctional facility where you were confined at the
time of the events giving rise to your claim(s):

NorThEasT Correctional Center

B.    Does the jail, prison or other correctional facility where your claim(s) arose have
a grievance procedure?

☒ Yes        ☐ No        ☐ Do not know

C.    If yes, does the grievance procedure at the jail, prison or other correctional facility
where your claim(s) arose cover some or all of your claims?

☒ Yes        ☐ No        ☐ Do not know

If yes, which claim(s)?

Due process violation, medical negligence 4th, 5th, 6th, 8th, and 14th Amendments violations.

D.   Did you file a grievance in the jail, prison, or other correctional facility where your claim(s) arose concerning the facts relating to this complaint?

☒ Yes          ☐ No

If no, did you file a grievance about the events described in this complaint at any other jail, prison, or other correctional facility?

☐ Yes          ☐ No

E.   If you did file a grievance:

1.   Where did you file the grievance?

Northeast correctional center

2.   What did you claim in your grievance? (*Attach a copy of your grievance, if available*) please see attached

3.   What was the result, if any? (*Attach a copy of any written response to your grievance, if available*)
please see attached Exhi.

6

4.    What steps, if any, did you take to appeal that decision?  Is the grievance process completed? If not, explain why not. (*Describe all efforts to appeal to the highest level of the grievance process.*)

*The grievance process is completed.*

F.    If you did not file a grievance: *N/A*

1.    If there are any reasons why you did not file a grievance, state them here:

*N/A*

2.    If you did not file a grievance but you did inform officials of your claim, state who you informed, when and how, and their response, if any:

*N/A*

G.    Please set forth any additional information that is relevant to the exhaustion of your administrative remedies.

*N/A*

(*Note: You may attach as exhibits to this complaint any documents related to the exhaustion of your administrative remedies.*)

7

## VI.    Previous Lawsuits

The "three strikes rule" bars a prisoner from bringing a civil action or an appeal in federal court without paying the filing fee if that prisoner has "on three or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g).

A.    To the best of your knowledge, have you ever had a case dismissed on the basis of this "three strikes rule"?

☐ Yes          ☒ No

If yes, state which court dismissed your case and when it was dismissed. Attach a copy of the court's order, if possible.

*N/A*

Have you filed other lawsuits in state or federal court dealing with the same facts involved in this action?

☐ Yes          ☒ No

B.    If your answer to A is yes, describe each lawsuit by answering questions 1 through 7 below. (*If there is more than one lawsuit, describe the additional lawsuits on another page, using the same format.*)

1.    Parties to the previous lawsuit

Plaintiff _*N/A*_

Defendant(s) _*N/A*_

2.    Court (*if federal court, name the district; if state court, name the state and county*)

*N/A*

3.    Docket or case number _*N/A*_

4.    Name of Judge assigned to your case _*N/A*_

8

5.   Approximate date of filing lawsuit  *N/A*

6.   Is the case still pending?

     ☐ Yes

     ☒ No (*If no, give the approximate date of disposition*):_____

7.   What was the result of the case? (For example: Was the case dismissed? Was judgment entered in your favor? Was the case appealed?)

     *N/A*

C.   Have you filed other lawsuits in state or federal court otherwise relating to the conditions of your imprisonment?

     ☐ Yes         ☒ No

D.   If your answer to C is yes, describe each lawsuit by answering questions 1 through 7 below. (If there is more than one lawsuit, describe the additional lawsuits on another page, using the same format.)

1.   Parties to the previous lawsuit

     Plaintiff  *N/A*

     Defendant(s)  *N/A*

2.   Court (*if federal court, name the district; if state court, name the state and county*)

     *N/A*

3.   Docket or case number  *N/A*

4.   Name of Judge assigned to your case  *N/A*

5.   Approximate date of filing lawsuit  *N/A*

9

6.    Is the case still pending?

☐ Yes

☒ No (*If no, give the approximate date of disposition*): _____

7.    What was the result of the case? (For example: Was the case dismissed? Was judgment entered in your favor? Was the case appealed?)

*N / A*

## VII.  Certification and Closing

Under Federal Rule of Civil Procedure 11, by signing below, I certify to the best of my knowledge, information, and belief that this complaint: (1) is not being presented for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) is supported by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Rule 11.

I agree to provide the Clerk's Office with any changes to my address where case-related papers may be served. I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.

I declare under penalty of perjury that the foregoing is true and correct.

Signed this _____ day of _____, 20_____.

Signature of Plaintiff    *Shelby Calmese #186187*

10