# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# NORTHERN DIVISION

| | |
|---|---|
| KHELBY CALMESE, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 2:25-CV-00049 HEA |
| ) | |
| MISSOURI DEPT. OF CORRECTIONS, et al., ) | |
| ) | |
| Defendants. ) | |

## OPINION, MEMORANDUM AND ORDER

Before the Court is the motion of plaintiff Khelby Calmese, an inmate at Eastern Reception Diagnostic Reception Center (ERDCC) in Bonne Terre, Missouri, for leave to proceed in forma pauperis in this civil action. [ECF No. 2]. The Court has reviewed the motion and the financial information provided in support and has determined to grant the motion and assess an initial partial filing fee of $66.69. Based on the legal reasoning espoused below, the Court will require plaintiff to amend his complaint on a Court-form within twenty-one (21) days of the date of this Memorandum and Order.

## 28 U.S.C. § 1915(b)(1)

Pursuant to 28 U.S.C. § 1915(b)(1), a prisoner bringing a civil action in forma pauperis is required to pay the full amount of the filing fee. If the prisoner has insufficient funds in his prison account to pay the entire fee, the Court must assess and, when funds exist, collect an initial partial filing fee of 20 percent of the greater of (1) the average monthly deposits in the prisoner's account, or (2) the average monthly balance in the prisoner's account for the prior six-month period. After payment of the initial partial filing fee, the prisoner is required to make monthly payments of 20 percent of the preceding month's income credited to his account. 28 U.S.C. § 1915(b)(2). The

agency having custody of the prisoner will forward these monthly payments to the Clerk of Court each time the amount in the account exceeds $10, until the filing fee is fully paid. *Id.*

Plaintiff is a prisoner at ERDCC in Bonne Terre, Missouri. [ECF No. 1]. In support of his motion to proceed without prepaying fees and costs, plaintiff submitted an inmate account statement showing average monthly deposits of $333.45, and an average monthly balance of $138.22 over the six-month period prior to case initiation. [ECF No. 6]. The Court finds that plaintiff has insufficient funds in his prison account to pay the entire fee and will therefore assess an initial partial filing fee of $66.69, which is twenty percent of plaintiff's average monthly deposits. *See* 28 U.S.C. § 1915(b)(1).

**Legal Standard on Initial Review**

This Court is required to review a complaint filed in forma pauperis and must dismiss it if it is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B). An action is frivolous if it "lacks an arguable basis in either law or fact." *Neitzke v. Williams*, 490 U.S. 319, 328 (1989). An action fails to state a claim upon which relief may be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

A claim is facially plausible when the plaintiff "pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly,* 550 U.S. at 556). Although a plaintiff need not allege facts in painstaking detail, the facts alleged "must be enough to raise a right to relief above the speculative level." *Twombly,* 550 U.S. at 555. This standard "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal,* 556 U.S. at 678. Determining whether a complaint states a plausible claim for relief is a context-specific task that

requires the reviewing court to draw upon judicial experience and common sense. *Id*. at 679. The court must assume the veracity of well-pleaded facts but need not accept as true "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements." *Id.* at 678 (citing *Twombly,* 550 U.S. at 555).

District courts must liberally construe complaints filed by laypeople. *Estelle v. Gamble*, 429 U.S. 97, 106 (1976). This means that "if the essence of an allegation is discernible," courts should "construe the complaint in a way that permits the layperson's claim to be considered within the proper legal framework." *Solomon v. Petray*, 795 F.3d 777, 787 (8th Cir. 2015) (quoting *Stone v. Harry*, 364 F.3d 912, 914 (8th Cir. 2004)). However, even pro se complaints must allege facts that, if true, state a claim for relief as a matter of law. *Martin v. Aubuchon*, 623 F.2d 1282, 1286 (8th Cir. 1980). District courts are not required to assume facts that are not alleged, *Stone*, 364 F.3d at 914-15, or interpret procedural rules so as to excuse mistakes by those who proceed without counsel. *See McNeil v. United States,* 508 U.S. 106, 113 (1993).

**The Complaint**

Plaintiff Khelby Calmese filed the instant complaint pursuant to 42 U.S.C. § 1983 against twelve (12) defendants relating to events that occurred at Northeast Correctional Center (NECC) in Bowling Green, Missouri, between April 2023 and June of 2024. He names the following individuals and entities as defendants in this action: (1) the Missouri Department of Corrections; Centurion Medical Provider; (3) Nurse T. Taylor; (4) Dr. T. Pryor; (5) Nurse Pasha Allen; (6) Sergeant Unknown Lindsay; (7) Lieutenant Unknown Cassidy; (8) Functional Unit Manager Chad Ream; (9) Case Manager D. Winchell; (10) Jason Lewis; (11) Larry Allen; and (12) Clay Stanton.

Plaintiff alleges that in June of 2024, he was accused of having a piece of paper with K2 (synthetic marijuana) in one of his folders that was being kept in the property room. Plaintiff

alleges that he was issued a conduct violation, and he was placed in Administrative Segregation pending investigation. Plaintiff complains that during the investigation by defendants Cassidy, Lindsay, Winchell and Ream, he sought access to counsel and a polygraph examination. However, in violation of Missouri Department of Corrections' policies, his requests were denied.

Plaintiff states that he had a knee replacement surgery in early 2023. He claims generally that Nurse T. Taylor failed to make "proper arrangements" for "reasonable medical care for knee replacement surgery." [ECF No. 1, p. 6]. He fails to explain this statement. Additionally, he claims that Dr. Pryor, the Regional Medical Director, failed to provide "adequate aftercare for knee replacement surgery." *See id.* Again, he fails to explain this statement. Additionally, plaintiff asserts that he developed adhesions after his knee replacement in April of 2023. He complains that he was only given one physical therapy appointment for his issues, which he believes constituted deliberate indifference to his serious medical needs. However, he fails to explain who denied him the additional care. Rather, he merely states in a general manner that Nurse Allen refused "plaintiff proper medical care after knee replacement surgery." [ECF No. 1, p. 7].[1] Again, plaintiff fails to elaborate on this statement.

Last, plaintiff states that he was retaliated against, but it is unclear what action taken by defendants he allegedly believes was retaliatory or who allegedly retaliated against him. He states, "the retaliation is because I file[d] the grievance against Centurion Medical Provider at Northeast Corr. Ctr. Pascha Allen, Wife of Deputy Warden Allen, and the Warden Clay Stanton significant others Kali Smith works as a nurse too."

Plaintiff seeks monetary relief in this action, and he seeks expungement of the conduct violation from his record.

---

[1] The Court has reviewed plaintiff's exhibits to his complaint, and it appears that plaintiff was given a consult with a surgeon relative to his adhesions. It is unclear if he had a second surgery.

4

**Discussion**

There are several issues with plaintiff's complaint as currently plead. First, plaintiff has attempted to bring several unrelated claims against numerous different defendants in this action. This is not allowed under Federal joinder rules.

A plaintiff may join in one action as many claims as he has against a *single defendant*. Fed. R. Civ. P. 18(a) (emphasis added). However, when *multiple defendants* are named, the Court must first consider whether the defendants are properly joined under Rule 20(a)(2) of the Federal Rules of Civil Procedure. *See Intercon Research Assocs., Ltd. v. Dresser Indus., Inc.*, 696 F.2d 53, 57 (7th Cir. 1982) (emphasis added).

Under Rule 20(a)(2), a plaintiff may join multiple defendants in one action only if he asserts a right to relief against them that arises from the same transaction or occurrence or series of transactions or occurrences and presents common questions of law or fact. Unrelated claims against different defendants belong in different suits. This requirement prevents the complication and confusion that results from multi-claim, multi-defendant lawsuits. In the context of cases filed in forma pauperis by prisoners, it serves the additional purpose of ensuring that prisoners pay the required filing fees, because the Prison Litigation Reform Act limits the number of frivolous suits or appeals a prisoner may bring in forma pauperis. *See* 28 U.S.C. § 1915(g).

In this case, plaintiff's claims belong in separate lawsuits because they each relate to different transactions or occurrences. With respect to the claims relating to plaintiff's knee surgery and healing therefrom, as well as his claims regarding due process violations due to allegedly having K2, plaintiff cannot attempt to bring both claims in the same lawsuit. Although both claims arose during his time in the NECC, they are unrelated to one another, do not involve the same defendants or the same causes of action, nor do these claims involve the same or similar issues of

law and fact. If plaintiff wishes to pursue these two claims, he will have to pursue the two claims in separate lawsuits.

Although misjoinder of parties is not grounds for dismissing an action, a Court may, on its own, drop parties or sever claims to remedy the misjoinder. Fed. R. Civ. P. 21. Rather than sever claims on its own at this time, the Court will give plaintiff the opportunity to file an amended complaint.  Doing so will allow plaintiff to decide what claims to pursue in this lawsuit, and to specify the capacity he wishes to sue the defendants.

Moreover, the Court notes that as currently plead, plaintiff has not sufficiently articulated a deliberate indifference to his serious medical needs claim with respect to his time at NECC. Plaintiff merely alleges, in a conclusory manner, that his medical needs relative to his knee, were unmet while he was housed there. He does not indicate that he sought treatment first for his surgery from a particular person, and afterwards for physical therapy, and that his requests were specifically denied, and that he suffered as a result.

Under the Eighth Amendment, the government has an obligation to provide medical care to those whom it is punishing by incarceration. *Estelle v. Gamble*, 429 U.S. 97, 103 (1976). To demonstrate constitutionally inadequate medical care, the inmate must show that a prison official's conduct amounted to deliberate indifference. *Dulany v. Carnahan*, 132 F.3d 1234, 1237-38 (8th Cir. 1997). To establish deliberate indifference, a plaintiff must prove that he suffered from an objectively serious medical need, and that prison officials actually knew of and disregarded that need. *Roberts v. Kopel*, 917 F.3d 1039, 1042 (8th Cir. 2019). *See also Hamner v. Burls*, 937 F.3d 1171, 1177 (8th Cir. 2019). In other words, whether a prison official has been "deliberately indifferent requires both an objective and a subjective analysis." *Hall v. Ramsey Cty.*, 801 F.3d 912, 920 (8th Cir. 2015). Under the objective prong, the plaintiff must establish that he suffered

from an objectively serious medical need, while under the subjective prong, he or she must show that a prison official actually knew of but disregarded that serious medical need. *See Jackson v. Buckman*, 756 F.3d 1060, 1065 (8th Cir. 2014).

Regarding the objective prong, a "serious medical need is one that has been diagnosed by a physician as requiring treatment, or one that is so obvious that even a layperson would easily recognize the necessity for a doctor's attention." *Coleman v. Rahija*, 114 F.3d 778, 784 (8th Cir. 1997). As to the subjective prong, an inmate must demonstrate that a prison health care provider's actions were "so inappropriate as to evidence intentional maltreatment or a refusal to provide essential care." *Redmond v. Kosinski*, 999 F.3d 1116, 1120 (8th Cir. 2021). In other words, "deliberate indifference requires a highly culpable state of mind approaching actual intent." *Kulkay v. Roy*, 847 F.3d 637, 643 (8th Cir. 2017). *See also Barton v. Taber*, 908 F.3d 1119, 1124 (8th Cir. 2018) (explaining that "plaintiff must establish a mental state akin to criminal recklessness: disregarding a known risk to the arrestee's health"). Simply put, plaintiff claims in his complaint lack any allegations of either a subjective or objective indication of mistreatment *by specific officials on specific dates at NECC*. (emphasis added).

As for plaintiff's claims that he was treated unlawfully when he sought counsel and a polygraph examination after he was accused of harboring K2 in his property at NECC, he cannot sustain a claim by asserting that Missouri Correctional officials failed to adhere to their own regulations. It is well established that an internal jail policy or procedure does not create a constitutional right, nor does a jail official's failure to follow such a policy or procedure rise to the level of a § 1983 claim. *Phillips v. Norris*, 320 F.3d 844, 847 (8th Cir. 2003) (*citing Kennedy v. Blankenship*, 100 F.3d 640, 643 (8th Cir. 1996)); *see also Gardner v. Howard*, 109 F.3d 427, 430 (8th Cir. 1997) (failure to follow prison policy is not basis for § 1983 liability).

7

Last, as currently stated, plaintiff has also not sufficiently stated a First Amendment retaliation claim. A First Amendment retaliation claim must include allegations that plaintiff engaged in protected activity, such as filing a grievance, and those defendants, to retaliate for the protected activity, took adverse action against plaintiff that would chill a person of ordinary firmness from engaging in that activity. *Revels v. Vincenz*, 382 F.3d 870, 876 (8th Cir. 2004). Plaintiff has not properly plead such in his complaint.

Despite these issues, the Court will allow plaintiff twenty-one (21) days to amend his complaint to attempt to state allegations relating to his time at NECC. He must follow the instructions set forth below in amending his complaint on the Court-required form.

## Instructions for Amending the Complaint

Plaintiff is advised that the amended complaint will replace the original complaint. *See In re Wireless Telephone Federal Cost Recovery Fees Litigation*, 396 F.3d 922, 928 (8th Cir. 2005) ("It is well-established that an amended complaint supersedes an original complaint and renders the original complaint without legal effect"). Plaintiff must type or neatly print the amended complaint on the Court's prisoner civil rights complaint form, which will be provided to him. *See* E.D. Mo. L.R. 2.06(A) ("All actions brought by self-represented plaintiffs or petitioners should be filed on Court-provided forms where applicable.").

In the "Caption" section of the complaint form, plaintiff should write the name of the defendant he intends to sue. *See* Fed. R. Civ. P. 10(a). Plaintiff must avoid naming a person as a defendant unless that person is directly related to his claim. Plaintiff must specify the capacity in which he sues the defendant or defendants.

In the "Statement of Claim" section, plaintiff should begin by writing the defendant's name. In separate, numbered paragraphs under that name, plaintiff should set forth a short and

8

plain statement of the facts that support his claim or claims against that defendant. *See* Fed. R. Civ. P. 8(a). Plaintiff's averments must be simple, concise, and direct. *See id.* Plaintiff must state his claims in numbered paragraphs, and each paragraph should be "limited as far as practicable to a single set of circumstances." *See* Fed. R. Civ. P. 10(b). Plaintiff is advised to avoid including unnecessary detail in the amended complaint. Plaintiff will have the opportunity to present evidence and argument in support of his claims if and when this case proceeds to the later stages of litigation.

If plaintiff names a single defendant, he may set forth as many claims as he has against that defendant. *See* Fed. R. Civ. P. 18(a). However, as explained above, if plaintiff names more than one defendant, he may only include claims that arise out of the same transaction or occurrence, or simply put, claims that are related to each other. *See* Fed. R. Civ. P. 20(a)(2). Plaintiff may file a separate civil action to assert any unrelated claim or claims.

It is important that plaintiff allege facts explaining how the defendant was personally involved in or directly responsible for harming him. *See Madewell v. Roberts,* 909 F.2d 1203, 1208 (8th Cir. 1990). Plaintiff must explain the role of the defendant, so the defendant will have notice of what he or she is accused of doing or failing to do. *See Topchian v. JPMorgan Chase Bank, N.A.*, 760 F.3d 843, 848 (8th Cir. 2014) (stating that the essential function of a complaint "is to give the opposing party fair notice of the nature and basis or grounds for a claim."). Further, the Court emphasizes that the "Statement of Claim" requires more than "labels and conclusions or a formulaic recitation of the elements of a cause of action." *See Neubauer v. FedEx Corp.*, 849 F.3d 400, 404 (8th Cir. 2017).

Accordingly,

9

**IT IS HEREBY ORDERED** that plaintiff's motion seeking leave to commence this action without prepaying fees or costs [ECF No. 2] is **GRANTED**.

**IT IS FURTHER ORDERED** that, within twenty-one (21) days of the date of this order, Plaintiff must pay an initial filing fee of $66.69. Plaintiff is instructed to make his remittance payable to "Clerk, United States District Court," and to include upon it: (1) his name; (2) his prison registration number; (3) the case number; and (4) the statement that the remittance is for an original proceeding.

**IT IS FURTHER ORDERED** that the Clerk shall mail to plaintiff a copy of the Court's form Prisoner Civil Rights Complaint Under 42 U.S.C. § 1983.

**IT IS FURTHER ORDERED** that, within twenty-one (21) days of the date of this order, plaintiff must file an amended complaint in accordance with the instructions herein.

**Plaintiff's failure to timely comply with this order may result in the dismissal of this case, without prejudice and without further notice.**

Dated this 17th day of July, 2025.

_____
HENRY EDWARD AUTREY
UNITED STATES DISTRICT JUDGE